Anthony C. Hill
Plaintiff, Pro Se
5 Kaywood Court
Silver Spring, MD 20905
(202) 390-8740
anthony_c_hill@hotmail.com

FILED
SEP 1 0 2025
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ANTHONY C. HILL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WORKDAY, INC,<br><br>　　　　Defendant. | Case No. 2:25-mc-34 (EDVA)<br><br>**PLAINTIFF'S MOTION TO QUASH OR TRANSFER SUBPOENA TO ACCENTURE FEDERAL SERVICES**<br><br>Assigned Judge: _____<br><br>Date & Time of Hearing: _____<br><br>Courtroom: _____ |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Anthony C. Hill, appearing pro se, moves under Rule 45(d)(3) of

1

PLAINTIFF'S MOTION TO QUASH OR TRANSFER SUBPOENA TO
ACCENTURE FEDERAL SERVICES

the Federal Rules of Civil Procedure to quash the subpoena served by Defendant Workday, Inc. on Accenture Federal Services ("AFS"), or, in the alternative, to transfer this subpoena dispute to the Northern District of California, where the underlying litigation is pending.

**INTRODUCTION**

This motion was previously submitted on August 18, 2025. The Clerk of Court returned it solely because of a $3 filing-fee shortfall. Plaintiff now resubmits the motion with the corrected fee.

Plaintiff seeks relief because the subpoena issued to Accenture Federal Services ("AFS") is overbroad, unduly burdensome, and seeks documents irrelevant to the claims and defenses in the underlying litigation, *Hill v. Workday, Inc.*, No. 3:23-cv-06558-PHK (N.D. Cal.). In that action, the Court has already limited discovery to Plaintiff's operative promissory-fraud claim, holding that unless and until Plaintiff's Rule 15 motion is granted and his proposed Second Amended Complaint becomes the operative pleading, "material that is outside the scope of the sole claim in the operative [First Amended] Complaint and thus outside the scope of relevance for discovery under a straightforward application of Rule 26(b)(1)" is prohibited. (Exhibit A, Dkt. 129, Order on Discovery Scope, at 7–8).

Given the narrow scope of permissible discovery, the subpoena to AFS—

2
PLAINTIFF'S MOTION TO QUASH OR TRANSFER SUBPOENA TO
ACCENTURE FEDERAL SERVICES

which seeks expansive employment, medical, benefits, and performance records dating all the way back to 2014—should be quashed. At a minimum, the dispute should be transferred to the Northern District of California, which is already supervising discovery in this matter and presiding over related disputes concerning the propriety of Workday's subpoenas.

## LEGAL STANDARD

Rule 45(d)(3)(A) requires this Court to quash or modify a subpoena that:

1. fails to allow reasonable time to comply;
2. requires disclosure of privileged or other protected matter; or
3. subjects a person to undue burden.

Courts also have discretion under Rule 45(f) to transfer subpoena disputes to the court where the underlying litigation is pending, especially when the issues overlap with disputes already before that court. *See* Fed. R. Civ. P. 45(d)(3)(A) ("the issuing court **must** quash or modify a subpoena" when it "requires disclosure of **privileged or other protected matter**, if no exception or waiver applies" (emphasis added)); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (noting that Rule 26(b)(1) vests trial judges with "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). With respect to the subpoena at issue, Plaintiff respectfully submits that discretion rests with Magistrate Judge Kang in the Northern District of California, who is currently

managing the discovery disputes, and also fully overseeing the underlying action.

## ARGUMENT

### 1. The subpoena is overbroad and unduly burdensome.

Workday's subpoena seeks essentially every category of Plaintiff's records from AFS in existence—namely, employment, performance, medical, benefits, and beyond from 2014, when Plaintiff joined AFS, to 2020, when Plaintiff resigned from his position to accept a position at Workday. These requests sweep far beyond the only live claim (promissory fraud at Workday). Such a demand imposes an undue burden on AFS and invades Plaintiff's privacy without proportional benefit.

### 2. The subpoena seeks irrelevant information.

Plaintiff's claims concern promises made by Workday regarding compensation, promotions, and equity/restricted stock unit ("RSU") refreshers, not his prior employment at AFS. Plaintiff has never made a claim against AFS or any employer other than Workday, which he joined in December 2020. Plaintiff has already testified during his deposition that his AFS tenure was successful and positive, and that none of his claims against Workday turn on his time at AFS. Comparator and deliberative materials from Workday—not AFS records—are what matter.

4

PLAINTIFF'S MOTION TO QUASH OR TRANSFER SUBPOENA TO
ACCENTURE FEDERAL SERVICES

### 3. The subpoena should be adjudicated in N.D. Cal.

Most importantly, the Northern District of California is already managing discovery disputes in this litigation, first raised in Plaintiff's protective-order motion filed on August 16, 2025 (the same day Workday issued its subpoena to AFS) challenging this subpoena. Workday then issued six additional, broader subpoenas to Plaintiff's medical and psychological providers on August 18, 2025, which it later withdrew after Plaintiff objected — reflecting their overbreadth and irrelevance under the Court's prior order limiting discovery to the promissory fraud claim (Dkt. 129). Transferring this matter to Judge Kang will ensure consistency and avoid piecemeal rulings. Rule 45(f) expressly authorizes such transfer.

Respectfully submitted,

_____

Anthony C. Hill

Plaintiff, Pro Se

Dated: September 9, 2025

5

PLAINTIFF'S MOTION TO QUASH OR TRANSFER SUBPOENA TO ACCENTURE FEDERAL SERVICES

6

PLAINTIFF'S MOTION TO QUASH OR TRANSFER SUBPOENA TO
ACCENTURE FEDERAL SERVICES

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, I served a true and correct copy of the foregoing Motion to Quash or Transfer Subpoena to Accenture Federal Services by overnight mail and electronic mail on the following:

Julie A. Totten

Kayla Delgado Grundy

Orrick, Herrington & Sutcliffe LLP

400 Capitol Mall, Suite 3000

Sacramento, CA 95814

Emails: jtotten@orrick.com; kgrundy@orrick.com


Custodian of Records

Accenture Federal Services

800 N. Glebe Road, Suite 700

Arlington, VA 22203

c/o Heather Petrovich, Counsel for Accenture Federal Services

Email: heather.petrovich@accenturefederal.com


1
2 *[signature: Anc. Hill]*
3 _____
4 Anthony C. Hill
5 Plaintiff, Pro Se
6
7
...
28

9
PLAINTIFF'S MOTION TO QUASH OR TRANSFER SUBPOENA TO
ACCENTURE FEDERAL SERVICES